**Maria Margarita ZEPEDA–AREAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73530.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.[*]

Decided Aug. 24, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Maria Zepeda–Areas ("Zepeda"), a native and citizen of Nicaragua, petitions for review of a final order issued by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition.

** This disposition is not appropriate for publication and may not be cited to or by the

## DISCUSSION

Zepeda was required to establish her eligibility for asylum by demonstrating a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir.2005). Withholding of removal required her to show a clear probability of such persecution. *Id.* CAT relief is available if it is more likely than not Zepeda would be tortured if she returned to Nicaragua. *Id.* at 1172.

We agree with the BIA that Zepeda failed to carry her burden of demonstrating eligibility for these forms of relief. As the BIA noted, Zepeda "left Nicaragua more than 14 years ago" and "[it] is unlikely that any pro-Sandinista still harbors the desire to harm [her]." The BIA explained that the civil war in Nicaragua ended years ago, the Sandinistas are no longer in power, and whatever criminal activity is committed by "pro-Sandinista bandits" is not politically motivated and can be avoided by living elsewhere in Nicaragua. These changes in country conditions are sufficient to negate any presumption of future persecution. *See Gonzales–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003).

Zepeda nonetheless contends the BIA should have remanded to the IJ for consideration of the current country conditions in Nicaragua. We agree with the BIA, however, that such a remand is not required because Zepeda did not submit "any evidence to show that country conditions have significantly changed since her last hearing."

Finally, because Zepeda failed to establish her eligibility for asylum, she neces-

courts of this circuit except as provided by 9th Cir. R. 36–3.

sarily failed to meet the more stringent standard of proof for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir.2005). Although Zepeda's request for CAT relief is not automatically precluded by her failure to establish her eligibility for asylum, she has not submitted evidence of prior torture or the possibility of future torture if she returns to Nicaragua. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**