**Jagdish Chandra SHARMA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72399.

Agency Nos. A79–586–284, A79–586–285.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Dominic E. Capeci, Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, M. Jocelyn Lopez Wright, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Donald R. Burkhalter, Jackson, MS, for Respondent.

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Jagdish Chandra Sharma, a native and citizen of Fiji, and his daughter Daizy D. Sharma, a native and citizen of New Zealand, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

judge's ("IJ") decision denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture, and the denial of their motion to remand based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will reverse the agency's determination only if the evidence compels such a result. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). We deny the petition for review.

The events described by the lead petitioner, including being beaten and having stones thrown at his house due to his ethnicity, do not compel a finding of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained four to six hours and beaten, and opposing ethnic group threw stones at his house and attempted to steal property). The record also does not compel a finding of a well-founded fear of persecution. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000) (finding general claims of broad ethnic tension in Fiji insufficient to establish a well-founded fear of persecution).

Because the petitioners failed to demonstrate eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003). In addition, substantial evidence supports the denial of relief under CAT. *See id.* at 1157.

The BIA acted within its discretion in denying the motion to remand because the claimed ineffective assistance of counsel should not have affected Sharma's ability to present credible, consistent testimony, and Sharma has not shown how effective assistance would have changed the outcome of his case. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003) (holding that petitioner's ineffective assistance of counsel claim failed because he did not establish prejudice caused by his attorney's misconduct).

**PETITION FOR REVIEW DENIED.**