**Mangat SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73984.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2005.*

Decided Jan. 27, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Mangat Singh, a native and citizen of India, petitions for review of a final order issued by the Board of Immigration Appeals (BIA) summarily affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief based on an

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

adverse credibility finding. We deny the petition for review.

## DISCUSSION

To establish his eligibility for asylum, Singh was required to demonstrate a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir.2005). Withholding of removal requires a showing of clear probability of such persecution. *Id.* CAT relief is available when the alien demonstrates "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id.* at 1172 (internal quotation omitted). When, as here, the BIA summarily affirms the IJ's decision, we will review the IJ's decision. *Mansour v. Ashcroft,* 390 F.3d 667, 671 (9th Cir. 2004).

The IJ determined that Singh was not credible, primarily because he submitted contradictory and inconsistent declarations. The IJ reasoned that Singh made "no mention of his arrests or detention" in his first declaration and then "suddenly added" them later when he realized "it is pertinent ... to be able to show mistreatment, arrest or detention for purposes of seeking asylum...." The IJ also cited discrepancies between the second and third declarations, notably details of Singh's alleged arrests, information regarding his trip to England, the police raid on his home, and his arrangements to leave India.

We agree with the IJ that Singh's inconsistent declarations are material and go to the heart of his claim of political persecution. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). They constitute "significant and relevant discrepancies"

that undermine Singh's credibility, and accordingly, "[w]e cannot say on this record that the IJ lacked a basis for the credibility determination." *Id.* (internal quotation omitted).

Because Singh did not establish his eligibility for asylum, he also failed to meet the more stringent requirements for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir.2005). Although Singh's request for CAT relief is not automatically precluded by his failure to establish eligibility for asylum, his lack of credibility is also fatal to his claim for such relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**