**Benardi KAPE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73531.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2005.*

Filed March 31, 2006.

Judith L. Wood, Esq., Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Manuel A. Palau, Federal Deposit Insurance Corporation, Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Benardi Kape, a native and citizen of Albania, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the opinion of an Immigration Judge (IJ) finding him not credible, and denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Because the BIA added its own analysis while affirming the IJ's opinion, we review both opinions. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 n. 3 (9th Cir.2004). We review for substantial evidence, and reverse a credibility determination only if the evidence compels a contrary conclusion. *See Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Kape argues that his memory lapses and inconsistent testimony were the result of post-traumatic stress disorder (PTSD), and the IJ did not properly take that into account. But the doctor's testimony stated only that Kape "maybe" had PTSD, and the IJ was entitled to weigh that testimony along with other testimony in the case. The IJ identified specific inconsistencies that went to the heart of Kape's claim of persecution; the length of his father's detention, communication with his father since his arrest, the length of his beatings, and whether the police violence was directed at Kape individually or everyone at the rallies. These constitute specific reasons to disbelieve Kape's testimony. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). We will not disturb the adverse credibility determination.

Because Kaur did not provide credible testimony supporting eligibility for asylum, he did not meet the higher threshold for withholding of removal. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Nor has he established that he is entitled to relief under CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) (where applicant's claims under CAT are based on same statements found not credible in asylum context, CAT claim fails).

PETITION FOR REVIEW DENIED.