MEMORANDUM **
Hakob Topachikyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review for substantial evidence, Movsisian v. Ashcroft, 395 F.3d 1095, 1097 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the BIA’s order denying Topaehikyan’s asylum application as untimely. See Ramadan v. Gonzales, 427 F.3d 1218, 1222 (9th Cir.2005) (holding that the Court lacks jurisdiction to review the agency’s determination that an asylum application was not filed within one year after the last entry into the United States).
With respect to the withholding of removal claim, Topachikyan testified that he left his post during time of war, com *801 plained about the lack of food and supplies, argued with a general officer, suffered beatings from military personnel, and deserted from the military. Topachikyan also testified that military officials have continued searching for him. Neither his testimony, nor any other evidence in the record, compels the conclusion that Topachikyan showed a “clear probability” that he would be persecuted on account of political opinion or any other protected ground. See INS v. Stevic, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (describing the standards for withholding of removal); Movsisian, 395 F.3d at 1097 (holding that forced conscription or punishment for evasion of military duty generally does not constitute persecution on account of a protected ground). Consequently, substantial evidence supports the BIA’s order denying withholding of removal.
Topachikyan’s argument that the BIA did not address his CAT claim lacks merit. The BIA properly determined that Topachikyan failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to Armenia. See 8 C.F.R. § 208.16(c)(2).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.