**Alfred A. GONIE, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05-75490.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

MEMORANDUM **

Alfred A. Gonie, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Conven-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion Against Torture ("CAT") and pretermitting his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), the denial of a motion to remand for abuse of discretion, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005), and questions of law de novo, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and grant in part the petition for review, and we remand.

The agency denied Gonie's asylum application as time barred. Gonie does not challenge this finding in his opening brief.

■ Substantial evidence supports the IJ's denial of withholding of removal. *See Hakeem v. INS,* 273 F.3d 812, 817 (9th Cir.2001). Gonie did not experience any problems in the past, and, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004) applies to Christian Indonesians seeking withholding of removal, Gonie failed to demonstrate that it is more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). In addition, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, we deny the petition with respect to the withholding of removal claim.

■ Substantial evidence supports the IJ's denial of CAT relief because Gonie failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

■ The BIA did not abuse its discretion in denying Gonie's motion to remand because his claim of changed country conditions was speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (declining to credit a speculative future persecution claim).

Finally, the IJ erred when she pretermitted Gonie's application for cancellation of removal. The Notice to Appear did not specify the date or location of the immigration hearing, so it did not terminate Gonie's period of continuous physical presence under 8 U.S.C. §§ 1229b(b)(1)(A) and 1229b(d)(1). *See Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 937 n. 3 (9th Cir.2005) (per curiam). Therefore, we grant the petition for review with respect to cancellation of removal and remand.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**