Kadek Yessay **CHRISTINA**, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–73724, 07–73880.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(21).

Socheat Chea, Esquire, Ocheat Chea, Esquire, Duluth, GA, for Petitioner.

Robbin Kinmonth Blaya, Esquire, Shelley Goad, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

MEMORANDUM **

Kadek Yessay Christina, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). In a consolidated case, Christina petitions for review of the BIA's order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

We review for substantial evidence and uphold the denial of relief unless the evidence presented was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view for abuse of discretion the BIA's denial of a motion to reopen. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005).

Christina argues that the IJ's determination that she lacked credibility with regard to the timing of the attack and the behavior of her attackers was based solely on speculation. We need not consider that issue, because we uphold the IJ's alternative finding that even if credible, she has not shown eligibility for asylum.

 Christina complained of several acts of violence, including one which ended with the attackers fleeing upon the arrival of the police. The IJ concluded these were random criminal acts, and that Christina had not shown they were inflicted by the government or individuals that the government was unable or unwilling to control. The record does not compel a contrary result. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180 (9th Cir.2007) (en banc) (petitioners alleging persecution by non-government actors must prove that the government is unable or unwilling to control those actors); *Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (criminal activity by anonymous actors does not amount to persecution). That Christina has similarly situated family members that have remained in Indonesia unharmed, and because Christina left Indonesia after having been attacked, and then returned for another year before traveling to the United States also calls into question whether her fear of future persecution was well-founded. *See Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1091 (9th Cir.2005); *Cuadras v. INS,* 910 F.2d 567, 571 (9th Cir. 1990).

Because Christina has failed to sustain her burden with regard to asylum, she has also failed to establish a right to withholding of removal. *See Mejia–Paiz v. INS,* 111 F.3d 720, 725 (9th Cir.1997). By failing to show that the harms alleged were inflicted by or at the instigation of or with the consent or acquiescence of the Indonesian government, Christina has not demonstrated that she is eligible for relief under the CAT. 8 C.F.R. § 208.18(a)(1).

The BIA did not abuse its discretion in denying Christina's motion to reopen as untimely because it was filed over two years after the BIA's summary affirmance. *See* 8 C.F.R. § 1003.2.

**PETITIONS FOR REVIEW DENIED.**

