MEMORANDUM **
Jose Luis Cabrera Contreras (“Cabrera”) filed a timely Motion to Reopen his application for asylum, withholding of removal, and protection under the Convention Against Torture on March 10, 2005. [AR 38-40] In his motion, Cabrera argued *577 that he is eligible for asylum due to past persecution based on his sexual orientation, which he was previously unable to present because of the overwhelming nature of the childhood sexual abuse he experienced in Mexico and his chronic Post-traumatic Stress Disorder.
The decision of the Board of Immigration Appeals (“BIA”) entirely failed to address Cabrera’s claim. The decision cited an inapplicable section of the federal regulations—8 C.F.R. § 1003(e)(3)(ii), which only applies to untimely motions to reopen—and asserted that Cabrera had not demonstrated “that the conditions in (his] native Mexico have changed so that he now has a well-founded fear of persecution on account of a protected ground”—despite the fact that Cabrera’s motion did not allege, and was not based on, changed country conditions. [AR 2]
The Ninth Circuit has “long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions.” Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005). Because the BIA failed to provide a reasoned explanation for its actions or to indicate with specificity that it heard and considered Cabrera’s claims, we conclude that it abused its discretion. Therefore we reverse the BIA’s decision and remand for a full consideration of the merits of Cabrera’s motion to reopen.
GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.