**Eliseo Prieto SANTOS, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–75108.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 13, 2009.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

John E. Ricci, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Thomas Fatouros, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

### MEMORANDUM **

Eliseo Prieto Santos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

---

** This disposition is not appropriate for publication and is not precedent except as provid-

---

of discretion the denial of a motion to reopen. *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Prieto Santos' motion to reopen on the ground that his fingerprints were not new or previously unavailable evidence. *See* 8 C.F.R. § 1003.2(c)(1). It follows that Santos has not established a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to succeed on a due process claim).

■ To the extent Santos challenges the agency's underlying decision denying his application for cancellation of removal, and to the extent he raises due process claims related to that decision, we lack jurisdiction because this petition is not timely as to that decision. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**