**Joel Cervantes ARROYO; Silvia Contreras Cruz; Joel Cervantes Contreras; Edith Cervantes Contreras, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73826.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Sept. 2, 2009.

Raul Gomez, Esquire, Law Office of Raul Gomez, Los Angeles, CA, for Petitioners.

Kathleen Kelly Volkert, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Joel Cervantes Arroyo, Silvia Contreras Cruz, and their two adult children, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we grant the petition for review.

The BIA abused its discretion because it failed to provide "specific and cogent reasons for its decision" denying petitioners' motion to reopen to present new evidence regarding petitioner Silvia Contreras Cruz's medical condition. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). The BIA failed to provide a rea-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

soned explanation and instead merely restated the standard of "prima facie eligibility" rather than explaining why petitioners failed to meet that standard. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002) (reversing denial of a motion to reopen where the BIA "merely repeated petitioners' claims and summarily dismissed them"). We therefore grant the petition for review and remand for reconsideration of petitioners' motion to reopen.

Because we remand this matter to the BIA, we do not address petitioners' remaining contentions.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**