FILED

**NOT FOR PUBLICATION**

FEB 11 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARWIN RAHMATI; et al., | No. 05-73868 |
| Petitioners, | Agency Nos. A074-184-114 |
| v. | A075-521-621 |
| | A075-521-622 |
| ERIC H. HOLDER Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,[***] District
Judge.

Parwin Rahmati, and Mohammad Rabi Rahmati, natives and citizens of

Afghanistan, and their daughter Mishal Rahmati, native and citizen of Germany,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     This panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of the Immigration Judge's ("IJ") order denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We grant the petition in part and deny it in part. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

Substantial evidence supports the agency's conclusion that the petitioners had firmly resettled in Germany and are therefore not eligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(vi). Pursuant to regulation, "[a]n alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 1208.15.

Petitioner conceded she could have received lawful permanent resident status in Germany through her husband if she had merely applied. The availability of permanent resident status in another country is sufficient to constitute an offer under the applicable regulations. *Maharaj v. Gonzales*, 450 F.3d 961, 977 (9th Cir. 2006) (en banc). That petitioners did not feel safe in Germany is not relevant to

2

the calculation, given that they did not apply for asylum from Germany, only from Afghanistan. In addition, the later cancellation of petitioner's status by Germany after she allowed her travel documents to expire by overstaying her time in the United States does not undermine such a finding. *Id.* at 969. Therefore, we must deny the petition for review of the agency's denial of asylum.

II

Firm resettlement in another country does not preclude an application for withholding of removal. *See Siong v. INS*, 376 F.3d 1030, 1041 (9th Cir. 2004). The IJ rejected the application for withholding, but provided no meaningful analysis supporting his conclusion. "[T]he BIA abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). "Immigration judges, although given significant discretion, cannot reach their decisions capriciously and must indicate how they weighed factors involved and how they arrived at their conclusion." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (internal quotation marks and alternation omitted). An IJ must address the actual arguments made by an applicant. *Id.*

Further, if the BIA or IJ relies on a State Department Country Reports to deny an application, the analysis must include an individualized determination of

how the changed conditions described in the report will affect petitioner's specific situation. *Marcos v. Gonzales*, 410 F.3d 1112, 1120-21 (9th Cir. 2005).

Because the IJ's decision lacks a reasoned explanation of the withholding decision and fails to acknowledge the actual arguments made by the petitioner, we must grant the petition for review on the withholding claim, and remand for further proceedings consistent with this decision.

III

Substantial evidence supports the agency's decision on Petitioners also moved for relief under the CAT. In order to be eligible for withholding of removal under the CAT, the applicant has the burden of establishing that if removed to the proposed country of removal "he is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment." *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005). An applicant must demonstrate a chance greater than fifty percent that she will be tortured in removed. *Id.* Substantial evidence in the record supports the IJ's conclusion that the petitioners had not satisfied their burden of proof. Although the record contains evidence of violence against women, the record does not compel the conclusion that petitioner would likely be subject to torture by a public official.

4

IV

Substantial evidence supports the agency's conclusion that petitioners were not entitled to relief on humanitarian grounds. The BIA may grant humanitarian asylum to a victim of past persecution, even where the government has rebutted the applicants's fear of future persecution, if the applicant establishes one of two things. First, the alien can show "compelling reasons for being unwilling to or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 1208.13(b)(1)(iii)(A). Or, under the second prong of the humanitarian asylum analysis, the alien can show "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii)(B).

Petitioners did not establish past persecution and substantial evidence supports the agency's conclusion that the petitioner did not establish a reasonable possibility of suffering serious harm upon removal to that country.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

5

Rahmati v. Holder, 05-73868

SILVERMAN, Circuit Judge, dissenting:

I agree with Parts I and III of the Memorandum, but respectfully dissent from Part II.  In my opinion, the immigration judge adequately explained why petitioner was not entitled to withholding of removal:  She suffered no past persecution (as the majority acknowledges), and her claimed fear of future persecution was not reasonable now that the Taliban were no longer in control.  Because the evidentiary record supports the IJ's reasoning and conclusion, I would deny the petition in full.