# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GOURGEN MOVSISIAN,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 03-70298

Agency No.
A70-966-525

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 24, 2004—San Francisco, California

Filed January 20, 2005

Before: Mary M. Schroeder, Chief Judge,
Alfred T. Goodwin, and A. Wallace Tashima, Circuit Judges.

Opinion by Judge Tashima;
Partial Concurrence and Partial Dissent by Judge Goodwin

## COUNSEL

Tim Everett, Los Angeles, California, for the petitioner.

Constance A. Wynn, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

TASHIMA, Circuit Judge:

Gourgen Movsisian, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of asylum and withholding of deportation. Movsisian also seeks review of the BIA's summary denial of his motion to reopen and remand asylum proceedings. Because the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a, as amended by IIRIRA § 309(c)(4). We deny the petition for review as to Movsisian's claims for asylum and withholding of deportation. We grant the petition for review as to the BIA's summary denial of Movsisian's motion to reopen.

## I. BACKGROUND

Movsisian, a Pentecostal Christian from Armenia, entered the United States in 1993, when he was 16 years old. Movsisian presented testimony, which the IJ deemed credible, that he left Armenia with his mother to avoid compulsory military service. Movsisian stated that the war was very dangerous, and that he feared being killed given the lack of "law and order" in Armenia. Movsisian explained that one of his neighbors was conscripted and beaten to death by drunken officers.

Movsisian also testified that the Armenian authorities do not allow Pentecostal Christians to practice their religion freely. Movsisian and his mother had to worship in the homes of other church members, and one of his pastors was arrested in 1992 or 1993. However, Movsisian did not know what would happen if he returned to Armenia and practiced his faith.

The IJ denied asylum and withholding of deportation, holding that Movsisian's fear of being drafted did not provide a basis for relief. The IJ also found that the evidence did not support Movsisian's claim that he was a genuine religious conscientious objector to military service. Finally, the IJ determined that Movsisian's future fear of persecution on account of his Pentecostal religion was speculative.

Movsisian appealed the IJ's decision to the BIA. While his appeal was pending, Movsisian filed a motion to reopen and remand with the BIA. In his motion, Movsisian sought to reopen asylum proceedings to submit evidence regarding his evolving religious beliefs, his deepening opposition to compulsory military service, and deteriorating human rights conditions in Armenia. Movsisian's personal declaration, submitted with his motion to reopen, detailed his fears that he would be prevented from practicing his faith if he was conscripted, and that he would be punished for his refusal to obey any orders that conflicted with his religious beliefs. Movsisian also stated that his mother has been subjected to religious harassment and discrimination since her return to Armenia. Movsisian also included declarations from two ministers, and reports on Armenian country conditions showing mistreatment of religious minorities.

The BIA summarily affirmed the IJ's opinion under 8 C.F.R. § 3.1(e)(4). In a footnote, the BIA denied without explanation Movsisian's motion to reopen and remand. Movsisian filed a timely petition for review.

## II. DISCUSSION

### A. Asylum and Withholding

[1] In order to be eligible for asylum or withholding of deportation, Movsisian must show the requisite fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Hoque v.*

*Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). We review the IJ's factual findings for substantial evidence. *See id.*

**[2]** Movsisian first challenges the IJ's denial of asylum and withholding, and contends that the evidence compels a finding that he has a well-founded fear of persecution on account of his conscientious objection to military service, and his Pentecostal beliefs. Considering only the evidence presented to the IJ, we disagree. First, forced conscription or punishment for evasion of military duty generally does not constitute persecution on account of a protected ground. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) ("The fact that a nation forces a citizen to serve in the armed forces along with the rest of the country's population does not amount to persecution."). Second, Movsisian presented no evidence that the Armenian government would target him for conscription or punishment on account of his religion or other protected ground. *See Canas-Segovia v. INS*, 970 F.2d 599, 601 (9th Cir. 1992) (holding that religious conscientious objectors did not establish religious persecution because they did not show that the government intended to persecute them for their beliefs). Finally, we conclude that the evidence is insufficient to compel a finding that Movsisian has a well-founded fear of persecution on account of his religious beliefs. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding that petitioner's fear of future religious persecution was speculative). In failing to qualify for asylum, Movsisian necessarily failed to meet the more stringent standard of proof for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

## B.   Motion to Reopen and Remand

Movsisian also challenges the BIA's denial of his motion to reopen asylum proceedings. The motion to reopen, filed while his appeal was pending before the BIA, is treated as a motion to remand to the IJ for further proceedings. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987); *see also* 8

C.F.R. § 1003.2(c)(4). We review the BIA's denial of a motion to reopen and remand for abuse of discretion. *See Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law." *Id.*

Movsisian contends that the BIA abused its discretion in denying his motion to reopen and remand without explanation. The government counters that the BIA is not required to articulate its reasons for denying a motion to reopen where, as here, the motion "is basically a thinly disguised attempt to relitigate" the merits. The government also contends that the BIA's summary denial of Movsisian's motion is consistent with the BIA's streamlining procedures, which this court upheld in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003) (holding that the BIA's summary affirmance procedure does not violate due process).

**[3]** Here, the BIA denied Movsisian's motion to reopen stating, in toto: "The respondent's motion to reopen is denied." Unlike the BIA's streamlining process, where the IJ's decision becomes the final agency determination, *see id.* at 849, where the BIA entertains a motion to reopen in the first instance, and then fails to provide specific and cogent reasons for its decision, we are left without a reasoned decision to review.

**[4]** We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions. *See, e.g.*, *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002) (remanding motion to reopen to apply for suspension of deportation where BIA did not engage in substantive analysis or articulate any reasons for its decision); *Arrozal v. INS*, 159 F.3d 429, 432-33 (9th Cir. 1998) (stating that the "BIA abuses its discretion when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief" (internal quotation marks and emphasis omitted)); *see also Kalubi v. Ashcroft*, 364 F.3d 1134,

1141-42 (9th Cir. 2004) (holding that conclusory statements are insufficient, and that the BIA must provide an explanation showing that it has "heard, considered, and decided" the issue (internal quotation marks omitted)).

**[5]** We recently held that "the BIA must address and rule upon remand motions, giving specific, cogent reasons for a grant or denial." *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir. 2004) (remanding petition where the BIA failed to rule on a pending motion to remand asylum proceeding to consider evidence of worsened country conditions); *see also Pilica v. Ashcroft*, 388 F.3d 941, 955 (6th Cir. 2004) (remanding unexplained denial of motion to remand to the BIA "for the provision of a rational explanation for the denial," while affirming the BIA's denial of asylum and withholding of removal); *cf. Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004) (vacating and remanding the BIA's denial of an asylum claim, while affirming the denial of withholding of removal and Convention Against Torture claims).

**[6]** Here, in ruling on Movsisian's motion to reopen and remand, the BIA denied it without any explanation. We reject the government's argument that no explanation should be required in streamlined cases as unsupported by any reason or authority. Accordingly, we conclude that the BIA abused its discretion in denying Movsisian's motion to reopen without articulating its reasons. *See Narayan*, 384 F.3d at 1068.

### III.   CONCLUSION

**[7]** We deny the petition for review as to Movsisian's challenge to the IJ's denial of asylum and withholding of deportation. We grant the petition for review with regard to Movsisian's motion to reopen, and we remand to allow the BIA to provide specific and cogent reasons supporting its determination.

Each party shall bear its own costs on review.

**PETITION FOR REVIEW GRANTED in part, and DENIED in part.**

---

GOODWIN, Circuit Judge, concurring in part, and dissenting in part:

I concur in part II. B. of the opinion, holding that the BIA abused its discretion in failing to articulate reasons for denying Movsisian's motion to reopen, and remanding for a statement of reasons. However, I do not join in Part II. A. which expresses an opinion on the merits of the petitioner's case for asylum and withholding of deportation. No convincing reasons have been called to my attention for this court to decide, on the merits, that the petitioner has a losing case, and then to remand the case to the forum from which the appeal was taken, so that forum could state its reasons for the denial. All courts dealing with the flood of immigration petitions are too busy, and our forests are too depleted, to justify this formality.