**Karapet RUSHANYAN, Petitioner,**

**v.**

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70254.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.\*\*

Decided July 22, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and BYBEE, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM ***

Karapet Rushanyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of his applications for asylum and withholding of removal, and for relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's factual findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

■ Substantial evidence supports the BIA's determination that the harassment, detention, and physical abuse suffered by Rushanyan on account of his Pentacostal religious beliefs does not rise to the level of past persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc); *see also Halaim v. INS*, 358 F.3d 1128, (9th Cir.2004) (holding Ukranian Pentacostal Christians were not persecuted despite evidence in record showing repeated detention and harassment, interference with religious services, reduced employment opportunities, and denial of access to public education).

■ Substantial evidence also supports the BIA's finding that Rushanyan has not established a reasonable possibility of future persecution because he presented no objective evidence of ongoing official persecution of Pentacostal Christians. *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir.2005) (evidence insufficient to compel well founded fear of future persecution of Armenian on account of his Pentacostal religious beliefs). Rather, the record evidence tends to show that although Armenia officially prohibits prose-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lytizing, a requirement of Rushanyan's faith, Pentacostals are not presently being persecuted or denied the right to worship.

■ Because he failed to establish eligibility for asylum, Rushanyan necessarily failed to qualify for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ Substantial evidence in the record supports the BIA's finding that Rushanyan failed to establish that it is more likely than not that he would be tortured if returned to Armenia. *See id; Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.