**Muhammed Tawhidur RAHMAN; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72056.

Agency Nos. A72–517–569, A70–958–121, A70–958–122.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 25, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ahmed M. Abdallah, Attorney at Law, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony C. Payne, U.S.

Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Muhammed Tawhidur Rahman, Fatima Anis, and Sajeda Anis, natives and citizens of Bangledesh, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen deportation proceedings. We review for abuse of discretion, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005), and we grant the petition for review and remand for further proceedings.

■ The BIA erred in denying the Petitioners' motion to reopen as untimely because a motion to reopen based on changed circumstances is exempt from time and numerical limitations. *See Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir. 2004) (citing 8 C.F.R. § 1003.2(c)(3)(ii)).

■ The BIA also abused its discretion in denying the Petitioners' motion to reopen for failing to establish eligibility for relief because, according to the affidavits provided with the motion, a high-ranking member of the Bangladeshi National Party seized their family property and threatened to kill the Petitioners because of their imputed political opinion and family membership. The evidence in the Petitioners' motion to reopen is sufficient to establish prima facie eligibility for asylum and withholding of deportation. *See id.* at 947

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(facts in support of motion to reopen must be accepted as true unless inherently unbelievable); *Hernandez—Ortiz v. INS,* 777 F.2d 509, 513 (9th Cir.1985) (prima facie eligibility established when evidence, if true, would satisfy requirements for relief). Taking these facts as true, the Petitioners demonstrate a "reasonable likelihood" of establishing a well-founded fear of future persecution on account of a protected ground. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that eligibility for relief does not need to be conclusively demonstrated in a motion to reopen). Accordingly, we grant the petition for review and remand to the BIA with instructions to reopen proceedings. *See Malty,* 381 F.3d at 948.

**PETITION FOR REVIEW GRANTED; REMANDED.**