**Sukhchain SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70993.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 24, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Kelly Alexandre Zusman, United States Attorney Office, Portland, OR, for Respondent.

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

### MEMORANDUM **

Sukhchain Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and the BIA's denial of his mo-

tion to remand for relief under the Convention Against Torture ("CAT").

■ Substantial evidence supports the IJ's and BIA's adverse credibility finding based on an inconsistency between petitioner's application and testimony regarding his first arrest, an implausibility regarding his fear of persecution, and his failure to provide easily available corroborating evidence. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–45; *see also Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000) (stating that if the IJ has a reason to question the alien's credibility, and the alien fails to produce easily available corroborating evidence, then the adverse credibility finding will withstand appellate review).

■ Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Petitioner also failed to show that the BIA abused its discretion by denying his motion to remand to pursue CAT relief. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). Because petitioner failed to establish prima facie eligibility for CAT relief, or provide any evidence that he would be at risk of suffering torture if returned to India, the BIA's denial of the motion was not an abuse of discretion. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The voluntary departure period is stayed pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**