**Harinder Singh KAUR, aka Harinder Jit Singh, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76752.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006 *.

Filed Nov. 30, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Harinder Singh Kaur, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Harinder Singh Kaur (Singh), a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his requests for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition.

Substantial evidence supports the adverse credibility determination. Singh's testimony regarding material events, specifically his ascendency to area president of his political party, was internally inconsistent and implausible. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir. 1999). Additionally, Singh submitted a document to corroborate his political party membership, and this document had Singh's name obviously inserted into the letter. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004) (petitioner submitted documents to show his alleged membership in a political party, the genuineness of these documents went to the heart of his claim, and there was evidence to support the conclusion that the documents may have been fraudulent).

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir. 2005).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.