Julio Cesar **GARCIA INIGUEZ**; Olga Dolores Garcia, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–72481.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 15, 2007.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Julio Cesar Garcia Iniguez, a native and citizen of Mexico, and Olga Dolores Garcia,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

244

a native and citizen of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand to allow Garcia to apply for asylum with Garcia Iniguez as the derivative applicant. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to remand for abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), and we grant the petition for review.

The petitioners moved to remand on the ground that Garcia was a victim of gender-based violence in Honduras and the Attorney General recently recognized gender as a basis for asylum. The BIA denied remand because Garcia could have applied for gender-based asylum earlier under *Aguirre–Cervantes v. INS*, 242 F.3d 1169 (9th Cir.2001), *vacated*, 273 F.3d 1220 (9th Cir.2001). The BIA abused its discretion by relying on *Aguirre–Cervantes*, a decision that was not final at the time petitioners withdrew Garcia Iniguez's asylum application and had been vacated by the time of the BIA decision. Because *Aguirre–Cervantes* did not reflect settled law on the issue of gender-based asylum, it was not a proper basis for denying remand.

**PETITION FOR REVIEW GRANTED.**