MEMORANDUM **
Ubaldo Sontay-Santay, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Nahrvani v. Gonzales, 399 F.3d 1148, 1151 (9th Cir.2005), we deny the petition for review.
Substantial evidence supports the IJ’s conclusion that Sontay-Santay failed to establish past persecution. See id. at 1153-54 (record did not compel conclusion that threats petitioner received constituted persecution); see also Movsisian v. Ashcroft, 395 F.3d 1095, 1097 (9th Cir.2005) (“[Fjorced conscription or punishment for evasion of military duty generally does not constitute persecution on account of a protected ground.”). Substantial evidence also supports the IJ’s conclusion that Sontay-Santay failed to establish he has a well-founded fear of persecution. See Aruta v. INS, 80 F.3d 1389, 1395-96 (9th Cir.1996) (petitioner’s well-founded fear of persecution was undermined because similarly situated family member remained in country of origin unharmed); see also Nagoulko v. INS, 333 F.3d 1012, 1018 (9th Cir.2003) (declining to credit speculative future persecution claim). Accordingly, Sontay-San-tay’s asylum claim fails.
Because Sontay-Santay failed to demonstrate he was eligible for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. See Nahrvani, 399 F.3d at 1154.
Substantial evidence also supports the agency’s denial of CAT relief because Sontay-Santay failed to show it was more likely than not that he would be tortured if he returned to Guatemala. See id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.