MEMORANDUM **
Andrew Winston Alies and his family (“Petitioners”), natives and citizens of Sri Lanka, petition for review of the Board of Immigration Appeals’ (“BIA”) November 15, 2005 per curiam decision dismissing Petitioners’ appeal from an Immigration Judge’s (“IJ”) June 28, 2004 decision that denied Petitioners’ applications for asylum, withholding of removal, and protection under the United Nations’ Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252, as amended by section 106 of the Real ID Act of 2005, 119 Stat. 231, 305, and we deny the petition for review.[1]
To be eligible for asylum, a petitioner must show past persecution based on a protected ground and an objectively reasonable fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A); Padash v. INS, 358 F.3d 1161, 1166 (9th Cir.2004). Here, it is questionable whether Alies has dem *407 onstrated an objective basis for his claim of past persecution because he continued to reside in Sri Lanka for ten years after his brother’s assassination. The only claimed persecution during this period by the Janatha Vimukthi Perama (“JVP”) political party were telephone threats that were never carried out.
Even if Alies is determined to have demonstrated past persecution, thus giving rise to a presumption of future persecution, the record rebuts the presumption. See 8 C.F.R. § 1208.13(b)(l)(i)(A); Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir.2004). The only reason proffered by Alies for his alleged persecution by the JVP was his support for the government. However, the JVP has been part of the Sri Lankan coalition government since 2001. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (noting conditions in the country of origin are relevant to the likelihood of future persecution). Thus, even accepting Alies’ claims of past persecution by the JVP, we conclude that he has failed to show a reasonable probability of future persecution because he has not shown the JVP continues to oppose citizens who support the government.
Alies also alleges that he fears future persecution because he is Christian. Alies, however, did not present any evidence that he or his family were persecuted because of their religion while in Sri Lanka. Moreover, the evidence of two church burnings in Sri Lanka is too attenuated to compel a finding of reasonable fear of religious persecution on Petitioners’ part.
In sum, Petitioners have failed to show that the record compels a reversal of the BIA determination that they do not have a reasonable fear of future persecution. See Katana v. INS, 232 F.3d 1107, 1112 (9th Cir.2000) (“[T]he applicant must show that the evidence not only supports, but compels the conclusion that the asylum decision was incorrect”).
Because Petitioners have not shown they should be granted asylum, they do not meet the standard for withholding of removal, as the evidence in the record does not support a clear probability that they will face political or religious persecution if returned to Sri Lanka. See de Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997) (stating that when petitioners fail to satisfy the standard for asylum, they necessarily fail to satisfy the more rigorous standard for withholding of deportation). Also, Petitioners are not entitled to relief under the CAT because they have not presented any evidence of torture or likelihood of future torture. See Zhang v. Ashcroft, 388 F.3d 713, 722 (9th Cir.2004).
Finally, the BIA did not abuse its discretion in denying Petitioners’ motion to remand the matter to the IJ because Petitioners’ proffered evidence regarding changes in general country conditions in Sri Lanka did not contain information directly affecting Petitioner’s claim for relief. See Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005) (the BIA does not abuse its discretion if it provides a reasoned explanation for its actions). Moreover, the BIA made clear that the additional family certificates Petitioners sought to present did not add information to the record that was not already available to the IJ.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of this case, we do not restate them here except as necessary to explain our disposition.