**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUNAZAR RAHMAN, | No. 07-70611 |
| Petitioner, | Agency No. A076-376-344 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2011
Pasadena, California

Before: NOONAN and WARDLAW, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Munazar Rahman ("Rahman"), a native and citizen of Bangladesh, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

1. "We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). A rational system of law requires similar treatment of identical asylum claims, or, at the very least, a reasonable explanation of inconsistent treatment. *See Njuguna v. Ashcroft*, 374 F.3d 765, 771 n.4 (9th Cir. 2004); *Wang v. Ashcroft*, 341 F.3d 1015, 1019 n.2 (9th Cir. 2003). Here, the government failed to provide any explanation for why it denied Rahman's application for asylum but granted his older sister's. Both siblings' applications were based on the detention and abuse of their mother, Tajrina Rahman, and on the mother's captors' threat to kidnap and kill her children. We remand with instructions that the agency provide an explanation for the  inconsistent treatment of Rahman's application and that of his sister.

2. "The government in immigration cases may be subject to equitable estoppel if it has engaged in affirmative misconduct." *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1165 (9th Cir. 2005). The government has a duty to adjudicate applications for asylum. *See* 5 U.S.C. § 555(b); 8 C.F.R. §§ 103.2(b)(19), 208.14, 208.19. The record contains no evidence as to whether the government ever issued

2

a final decision on the asylum application Tajrina Rahman filed in 1993, on which she listed Rahman as a derivative beneficiary. At oral argument and in response to our April 7, 2011 order, the government asserted that the Department of Homeland Security ("DHS") "denied" Rahman's mother's asylum application. However, the only evidence in the record as to the status of Tajrina Rahman's application is a July 14, 1997 letter in which the asylum office informed her that it had recommended approval of her application.

The record reflects that the government attorney was prepared stipulate to the Immigration Judge's ("IJ") granting Rahman asylum as soon as the grant of asylum to Rahman's mother became final. The IJ postponed the hearing on the merits of Rahman's asylum claim several times in order to provide additional time for the agency to issue a final approval of his mother's asylum application. At an immigration court hearing on July 25, 2002, government counsel stated that the government "lost the file" of the Rahman family.

On remand, the BIA shall determine whether the government's loss of Tajrina Rahman's file and failure to adjudicate her asylum application for over a decade constitutes affirmative misconduct.

The petition for review is GRANTED and the case is REMANDED. The panel retains jurisdiction for purposes of any future appeals.