**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BINDER BALWINDER, | No. 09-70448 |
| Petitioner, | Agency No. A098-357-013 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2013[**]
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

Binder Balwinder, a native and citizen of India currently residing in California, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the determination of an Immigration Judge ("IJ") that he is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We "must deny [Balwinder's] petition unless [he] has presented evidence so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (internal quotation marks omitted).

The IJ and BIA articulated several specific and cogent reasons for disbelieving Balwinder. Given the contradictions, evasion and unresponsive answers in Balwinder's testimony, substantial evidence supports the BIA's determination that Balwinder's testimony was not credible, and the BIA properly denied Balwinder's asylum and withholding of removal petitions on that basis.

2

Furthermore, substantial evidence supports the BIA's determination that, even if Balwinder were credible, he did not demonstrate his eligibility for asylum. Balwinder suffered no persecution before 1999, and any harm he suffered after 1999 was not related to a protected ground. *See Jahed v. INS*, 356 F.3d 991, 997 (9th Cir. 2004). Because Balwinder failed to satisfy his burden of establishing eligibility for asylum, he also cannot meet the higher withholding of removal standard. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005).

Because Balwinder's "claims under the Convention Against Torture are based on the same statements ... that the BIA determined to be not credible," this court "must similarly affirm the rejection of [Balwinder's] claim under the Convention Against Torture." *Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED**.