**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DIANG LIN, AKA Qiang Lin, | No. 11-73322 |
| Petitioner, | Agency No. A070-122-451 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2013[**]
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Diang Lin petitions for review of the Board of Immigration Appeals' (BIA)

decision denying his motion to reopen proceedings. We grant the petition.

Because the parties are familiar with the facts and history of the case, we need not

recount them here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

To show grounds for reopening, Lin must establish prima facie eligibility for asylum. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009). To show prima facie eligibility, Lin must establish that his violation of China's "family planning policy would be punished in the local area in a way that would give rise to an objective fear of future persecution." *See In re J-H-S-*, 24 I. & N. Dec. 196, 199 (BIA 2007). Lin argues that he satisfied this standard because he and his wife have two children and that, "if we are sent back to China, one of us will be forced to undergo sterilization, and we will both be heavily fined." Lin relies on a long list of documents to make his case, including many Chinese government documents and the 2009 and 2010 Annual Reports of the Congressional-Executive Commission on China (CECC).

The BIA did not explain its decision that Lin had not established a prima facie case of eligibility for asylum. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions."). Specifically, the BIA found that Lin had presented insufficient evidence to show a likelihood of forced sterilization, but it did so without explaining why the CECC reports, in addition to the Fujian Province documents, were insufficient to make the requisite showing. Indeed, the BIA's decision selectively quotes from the CECC reports in reaching

2

its conclusion, leaving out the fact that these reports also speak explicitly about the current Chinese practice of forcibly sterilizing Chinese citizens. *See, e.g.*, Congressional-Executive Commission on China, *Annual Report* 116 (2010) ("Violators of the policy are routinely punished with fines, and in some cases *subjected to forced sterilization, forced abortion*, arbitrary detention, and torture." (emphasis added)); *see also Ji Cheng Ni v. Holder*, 715 F.3d 620, 627 (7th Cir. 2013) ("Why the BIA found the Reports' discussion of certain 'administrative punishments' and coercive tactics to be persuasive, but found the Reports' discussion of forced sterilizations and abortions in Fujian Province not to be persuasive, however, remains a mystery.").

In addition, to the extent the BIA rejected Lin's government documents solely because they were not authenticated pursuant to regulation, this was error. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1182-84 (9th Cir. 2007) (rejecting the proposition that foreign government documents must be authenticated by official certification pursuant to 8 C.F.R. § 287.6 and holding that a document can be authenticated by any evidence sufficient to support a finding that the item is what the proponent claims it is). We remand to the BIA so that it may more thoroughly explain its decision. Specifically, it should consider and explain why the 2009 and 2010 CECC reports and Lin's Fujian Province documents were insufficient to

3

establish eligibility for asylum, or failing which, to deem Lin to have established a prima facie case of eligibility for asylum. *See, e.g.*, *Answer to Robert Lin's Inquiry: "Family Planning Policy with Respect to People Returning to China from Overseas,"* FJJSW.gov.cn (May 6, 2008), www.fjjsw.gov.cn:8080/html/5/383/9626_200856322.html (Fujian province government website document stating that "sterilization is mandatory" for violators of the one-child policy, with exceptions not relevant to Lin); *see also Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) (faulting the BIA for failing to address this same document).

**PETITION GRANTED.**