**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDO BRITO-BARRIENTOS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-72707

Agency No. A087-451-177

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Gerardo Brito-Barrientos, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for cancellation of

removal, and denying his motion to remand. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

In his opening brief, Brito-Barrientos does not raise, and therefore waives, any challenge to the agency's hardship determination with respect to his initial claim for cancellation of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (a petitioner waives an issue by failing to raise it in the opening brief).

The BIA did not abuse its discretion in denying Brito-Barrientos' motion to remand with regard to cancellation of removal, where he failed to establish that the evidence submitted was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

The BIA also did not abuse its discretion in denying Brito-Barrientos' motion to remand with regard to withholding of removal and Convention Against Torture relief, where he failed to establish that the evidence submitted was either previously unavailable or showed a material change since his last hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi*, 597 F.3d at 986.

**PETITION FOR REVIEW DENIED.**