**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VADIM KLEFOS,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71751<br><br>Agency No. A071-409-312<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Vadim Klefos, a native and citizen of Moldova, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").   We have jurisdiction under

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Klefos argues he established past persecution and a well-founded fear of future persecution in Moldova on account of his religion as a Jehovah's Witness. Substantial evidence supports the agency's determination that Klefos did not establish that the incidents of past harm he described rose to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (evidence of employment and educational discrimination, beating of fellow Christians, and death threats did not compel a finding of past persecution). Substantial evidence also supports the agency's conclusion that Klefos failed to establish a well-founded fear of future persecution on account of his religion.  *See id.* at 1018 (petitioner's fear of future persecution not objectively reasonable); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) ("forced conscription or punishment for evasion of military duty generally does not constitute persecution on account of a protected ground").  Thus, we deny the petition as to Klefos' asylum claim.

Because Klefos has not established eligibility for asylum, he cannot meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

13-71751

Finally, substantial evidence supports the agency's denial of CAT relief because Klefos failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Moldova. *See Silaya*, 524 F.3d at 1073. The record does not support Klefos' contention that agency failed to address his CAT claim.

**PETITION FOR REVIEW DENIED.**