

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARTINEZ-FLORES, AKA Carlos Flores, AKA Omero Flores Martinez, AKA Jose Flores-Rodriguez, AKA Carlos Martinez, AKA Homero Martinez, AKA Jose Rodriguez Flores, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.  14-72980 <br><br> Agency No. A205-722-130 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Jose Martinez-Flores, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from an immigration judge's ("IJ") order denying relief from removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Martinez-Flores' unexhausted challenge to the IJ's dispositive determination that Martinez-Flores failed to establish a nexus to a protected ground for the purposes of withholding of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency). Accordingly, we do not reach Martinez-Flores' contentions regarding past persecution.

We also lack jurisdiction to consider Martinez-Flores' unexhausted contentions regarding Convention against Torture relief and his unexhausted contention that the IJ violated due process by not advising him of possible eligibility for voluntary departure. *See id.*

We deny, for failure to establish prejudice, Martinez-Flores' contention that the IJ violated due process by not advising him of possible eligibility for

14-72980

cancellation of removal.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

The BIA did not violate due process or abuse its discretion in declining to remand for consideration of voluntary departure or cancellation of removal.  *See id.*; 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**