**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO PADILLA-LEPE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 16-70494

Agency No. A090-070-334

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 12, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[**]
District Judge.

Petitioner Pedro Padilla-Lepe seeks review of the Board of Immigration

Appeals' ("BIA") decision denying his motion to remand and affirming the

immigration judge's ("IJ") denial of a continuance for Petitioner to submit updated

fingerprints to the government. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

1. Substantial evidence supported the agency's factual finding that Petitioner's own lack of diligence, rather than any deficient performance by his prior attorneys, caused his failure to submit the required fingerprints. See Singh v. Whitaker, 914 F.3d 654, 658 (9th Cir. 2019) (articulating the standard of review). Petitioner failed to explain why the evidence compelled a contrary conclusion, especially where he did not refute the evidence that his prior attorneys made at least nine or ten attempts to contact him between the December 2013 and September 2014 hearings. Thus, the BIA did not abuse its discretion by denying Petitioner's motion to remand, which sought to lay the blame for the missing fingerprints on counsel. See Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005) ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." (internal quotation marks omitted)).

2. Likewise, the BIA did not abuse its discretion by affirming the IJ's denial of the continuance. See Cui v. Mukasey, 538 F.3d 1289, 1292 (9th Cir. 2008) (describing the four relevant factors for assessing an agency's denial of a continuance). From December 2013 to September 2014, Petitioner failed to communicate with his attorneys and failed to make any effort to submit fingerprints to the government, even though he knew that his applications for relief had been denied previously because of his failure to file supporting documents on

time. Again, substantial evidence supported the conclusion that Petitioner did not show good cause for a continuance, as required under 8 C.F.R. § 1003.29, because "he did not demonstrate that he acted with due diligence to have his fingerprints updated." As the BIA stated, Petitioner's motion for a continuance, which claimed that he required a continuance mainly because of the birth of his daughter two weeks before the September 2014 hearing, did not explain "why he made no apparent attempt to comply with biometric requirements over the previous months."

**PETITION DENIED**.