**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRY CASTRO, AKA Fernando Alas, AKA Fernando Alas Castro, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-73139 <br><br> Agency No. A094-320-394 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Harry Castro, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' (BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019*)*. We review for abuse of discretion the BIA's denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the past harm Castro suffered in El Salvador did not rise to the level of persecution. *See Duran-Rodriguez*, 918 F.3d at 1028 (death threats rise to the level of persecution only when they are so menacing as to cause significant actual suffering or harm). We reject as unsupported by the record Castro's contention that the agency did not conduct the appropriate analysis of his past persecution claim. Substantial evidence also supports the agency's finding that Castro failed to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) ("A well-founded fear must be both subjectively genuine and objectively reasonable." (internal citation and quotation marks omitted)). Thus, Castro's asylum claim fails.

In this case, because Castro failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Thus, the BIA did not abuse its discretion in concluding that no remand was necessary for the IJ to explicitly address

withholding of removal. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (the BIA abuses its discretion if it acts arbitrarily, irrationally, or contrary to law).

Substantial evidence supports the agency's denial of CAT relief because Castro failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**