NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELADIO ANTONIO PEREZ RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-72389

Agency No. A212-907-122

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
Pasadena, California

Before:  SILER,[***] HURWITZ, and COLLINS, Circuit Judges.

Eladio Antonio Perez Rodriguez ("Perez"), a native and citizen of El

Salvador, petitions for review of the decision of the Board of Immigration Appeals

("BIA") affirming the order of the Immigration Judge ("IJ") denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  See FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

applications for asylum and withholding of removal.[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, and we deny the petition.

To qualify for either asylum or withholding of removal, the petitioner must show that the source of past persecution or feared future persecution is "'the government or forces the government is either unable or unwilling to control.'" *Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013) (citation omitted). Substantial evidence supports the agency's conclusion that Perez did not satisfy this requirement.

As the IJ and BIA noted, police officers and members of the military responded within 30 minutes of learning that Perez had been kidnapped, and the gang members who had seized Perez released him and fled as soon as they found out that government personnel were on their way to rescue him.  After Perez identified two of his assailants from photographs that he was shown at the police station later that day, the police arrested those two men, and charges were filed against them.  Thereafter, the police escorted Perez to the jail to identify the two men, as well as to and from more than a half dozen meetings with the investigating detectives and the prosecutor.  Perez notes that, despite these efforts, the other

---

[1] Perez's opening brief does not challenge the agency's denial of his request for relief under the Convention Against Torture, so any such challenge has been forfeited.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

2

kidnappers were never caught; that he had remained in hiding until leaving El Salvador approximately 30 days later; and that additional threats were made against his sister. Although these points are not without some force, the agency was not *compelled* to find that they outweighed the ample record evidence confirming the substantial efforts made by Salvadoran authorities to protect Perez. 8 U.S.C. § 1252(b)(4)(B). Given that evidence, we cannot say that the agency acted unreasonably in concluding that Perez had not carried his burden to show that Salvadoran authorities were unable or unwilling to control his persecutors. *See*, *e.g.*, *Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (lack of success in police investigative efforts does not necessarily establish "government complicity or indifference").

Perez argues that he nonetheless has a reasonable fear of *future* persecution, because his connections to local mayors that led to his prior rescue would not be replicated if he is returned to El Salvador. However, the agency permissibly concluded that Perez's belief that Salvadoran authorities would not make adequate efforts was speculative and, in the agency's words, was "not a sufficient basis to conclude that the Salvadoran government is unwilling or unable to assist him." *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) (asylum and withholding properly denied when agency permissibly concluded that fear of future persecution was speculative).

3

Because we uphold the agency's denial of asylum and withholding of removal based on Perez's failure to show that the Salvadoran government was unable or unwilling to control his persecutors, we need not address his other arguments.

The petition for review is **DENIED**.