NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK ALEXANDER MORENO-MOLINA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-71258 <br><br> Agency No. A206-636-037 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2022[**]
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Erick Moreno-Molina petitions for review of a Board of Immigration

Appeals ("BIA") decision dismissing his appeal from an order of an immigration

judge ("IJ") denying his applications for withholding of removal and relief under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). Moreno-Molina also challenges the BIA's denial of his motion to remand to the IJ for consideration of new evidence.

We review denials of "withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under substantial evidence review, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We review the BIA's denial of a motion for remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.      Substantial evidence supports the agency's denial of withholding of removal based on Moreno-Molina's failure to establish the required nexus to a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (stating standard). The record does not compel the conclusion that Moreno-Molina's political opinion or any other protected ground was a reason why gang members in El Salvador either have harmed him or would seek to do so in the future. The record evidence supports the agency's determination that Moreno-Molina was threatened for refusing to join a gang, rather than for refusing to support a political party. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (upholding the BIA's "determination that a general aversion to gangs

2

does not constitute a political opinion for asylum purposes"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

2.     Substantial evidence also supports the agency's denial of Moreno-Molina's application for CAT protection. The record evidence does not compel the conclusion that Moreno-Molina will more likely than not be tortured if removed. *Duran-Rodriguez*, 918 F.3d at 1029–30.

3.     The BIA did not abuse its discretion in denying Moreno-Molina's motion for a remand for the IJ to consider additional evidence. In his motion, Moreno-Molina's did not adduce "material" evidence that "could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1), nor did he adduce evidence sufficient to support prima facie eligibility for relief. *Silva v. Garland*, 993 F.3d 705, 718–19 (9th Cir. 2021).

**PETITION DENIED.**