NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GANESHWAR CHAND, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 22-1766 Agency No. 075-020-381 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[***]

Petitioner Ganeshwar Chand, a native and citizen of Fiji, seeks review of the

Board of Immigration Appeals' ("BIA") denial of his fifth motion to reopen, filed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

on March 22, 2021, in which he sought special-rule cancellation of removal under the Violence Against Women Act ("VAWA"). Petitioner does not contest his motion was over fifteen years late and number-barred. Instead, he argues that the BIA failed to consider evidence of abuse by his adult son and provide a reasoned explanation for its decision concluding that he had not shown "extraordinary circumstances" to justify a waiver of the one-year filing deadline under 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We deny the petition. [1]

We review the BIA's "extraordinary circumstances" determination, which is a mixed question of law and fact, under a "deferential standard of review." *Magana-Magana v. Bondi*, 129 F.4th 557, 567–73 (9th Cir. 2025) (citing *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024)); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We review the BIA's denial of a motion to reopen and remand for abuse of discretion.").[2]

The BIA concluded that the Petitioner had failed to demonstrate "extraordinary circumstances . . . sufficient to waive, as a matter of discretion, the requirement that the motion be filed within 1 year of entry of the final order of

---

[1] We reject the Government's argument that we lack jurisdiction. *See Magana-Magana v. Bondi*, 129 F.4th 557, 567–71 (9th Cir. 2025) (holding that this court retains jurisdiction under 8 U.S.C. § 1252(a)(2)(D) over questions of law, including the application of statutory legal standards to undisputed facts).

removal[.]" *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(iv)(III). In his latest motion to reopen, Petitioner offered minimal and vague evidence of two alleged incidents of abuse by his adult son: one from 2019 and one undated, neither of which he reported to the police. These facts do not demonstrate extraordinary circumstances. *See Magana-Magana*, 129 F.4th at 572 (characterizing "abuse" for the purposes of VAWA-based motions to reopen as typically manifest). And given that Petitioner does not account for the nearly three-year delay in filing this motion — or explain why the newly alleged abuse was not raised in his fourth motion filed in 2018 — the BIA did not abuse its discretion in denying Petitioner's fifth motion to reopen. We also reject Petitioner's remaining argument that the BIA acted with bias as lacking any foundation in the record.

**PETITION DENIED.**