**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANJI CHEN, | No. 09-70501 |
| Petitioner, | Agency No. A098-448-251 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Shanji Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004), and we review for abuse of discretion the denial of a motion to reopen, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the adverse credibility determination based upon the IJ's conclusion that several of Chen's documents likely were fabricated, *see Desta*, 365 F.3d at 745 (fraudulent documents going to heart of claim may justify adverse credibility finding), and based upon Chen's failure to provide sufficiently detailed testimony about his detention and mistreatment, *see Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) (approving agency's finding that an applicant's testimony could be doubted given its lack of specificity). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Chen's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

The BIA did not err by declining to consider the new evidence Chen submitted on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv). To the extent the BIA

construed Chen's submission of new evidence as a motion to reopen or motion to remand, the BIA did not abuse its discretion in denying the motion because Chen failed to demonstrate that his additional evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**