**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD DE JESUS PAULINO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73709

Agency No. A073-800-517

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Ronald De Jesus Paulino, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's removal order. We have jurisdiction under

8 U.S.C. § 1252. We review de novo constitutional claims, *Khan v. Holder*, 584

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 773, 776 (9th Cir. 2009), and we review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

This case was last before this court in 2007, when we granted the government's motion to remand for the BIA to address Paulino's contention that the BIA improperly considered extra-record evidence, submitted by the government, in its March 7, 2003, order. Paulino then requested that the BIA remand to the IJ. In its July 29, 2008, order, the BIA determined that remand was not warranted because the extra-record evidence had added "nothing materially new" and the BIA had not considered the extra-record evidence.

Contrary to Paulino's contention, the BIA's March 7, 2003, order did not violate his due process rights. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (in order to prevail on a due process claim, alien must demonstrate that the challenged proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case). Accordingly, the BIA did not abuse its discretion in denying Paulino's motion for remand. *See Movsisian*, 395 F.3d at 1098 ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law.").

**PETITION FOR REVIEW DENIED.**

08-73709