**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURJIT SINGH MAHIL, | No. 08-71266 |
| Petitioner, | Agency No. A072-109-786 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Surjit Singh Mahil, a native and citizen of India, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We grant the petition for review, and we remand.

The IJ found Mahil not credible because his testimony regarding ongoing police interest lacked detail. On the same issue, the IJ found Mahil's asylum application omitted this police interest, and he further faulted Mahil for not filing a supplemental statement. Substantial evidence does not support the IJ's adverse credibility finding because Mahil did not learn of the police interest until after he filed his application, he did not know much about it given his lack of personal knowledge, and it did not form the basis of his past persecution claim. *See Chen v. Ashcroft*, 362 F.3d 611, 620 (9th Cir. 2004). In addition, substantial evidence does not support the perceived inconsistencies the IJ noted in summarizing Mahil's account, including the year and date of Mahil's first arrest and his failure to seek medical treatment. *See Tekle*, 533 F.3d at 1052 (rejecting inconsistency finding regarding duration of beating because IJ misunderstood or misremembered testimony); *Bandari v. INS*, 227 F.3d 1160, 1165-66 (9th Cir. 2000) (inconsistency in date of beating insufficient to support adverse credibility finding); *Jibril v. Gonzales*, 423 F.3d 1129, 1136 (9th Cir. 2005) (rejecting implausibility findings

regarding petitioner's stoicism and stamina as speculative where IJ did not point to record evidence contradicting petitioner's account).

Because the IJ's adverse credibility determination is not supported, Mahil was not required to provide corroboration. *See Joseph v. Holder*, 600 F.3d 1235, 1246 (9th Cir. 2010).

It is unclear from the IJ's decision whether–apart from his adverse credibility finding–he alternatively denied Mahil's claims on the merits. *See Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1194 (9th Cir. 2005) (remanding because "[w]e will not guess at the theory underlying the IJ's . . . opinion") (internal citation and quotations omitted); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (remanding where court was "left without a reasoned decision to review").

Accordingly, we grant the petition with respect to Mahil's asylum, withholding of removal, and CAT claims, and we remand, deeming Mahil credible, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Joseph*, 600 F.3d at 1247.

**PETITION FOR REVIEW GRANTED; REMANDED.**