**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KARINE HARUTYUNYAN, | No. 07-75083 |
| Petitioner, | Agency No. A098-533-041 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2012[**]
San Francisco, California

Before: TALLMAN, CALLAHAN, and HURWITZ, Circuit Judges.

Karine Harutyunyan, a native and citizen of Armenia, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying her motion to remand

and dismissing her appeal from an immigration judge's decision denying applications

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to remand for abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and findings of fact for substantial evidence, *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We deny the petition for review.

**1**. Substantial evidence supports the immigration judge's denial of relief. Harutyunyan's testimony was inconsistent in many important respects with other evidence, including her prior statements. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). Harutyunyan lacked basic knowledge about the beliefs and activities of the organization she was allegedly persecuted for assisting. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). And when asked to explain inconsistencies and to provide persuasive corroboration of her story, Harutyunyan failed to do so. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir. 2000).

**2.** The BIA did not abuse its discretion by denying Harutyunyan's motion to remand for consideration of evidence her attorney allegedly failed to present. Even

assuming that Harutyunyan's failure to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), was excusable, she has not demonstrated prejudice from her counsel's alleged ineffective assistance. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**