BERZON, Circuit Judge,
dissenting in part:
I join the majority with regard to Madrid’s claim for deferral of removal under the Convention Against Torture (“CAT”). But I would hold that the BIA abused its discretion in holding that Madrid’s conviction for cruelty to animals under California Penal Code § 597(a) qualifies as a “particularly serious crime,” rendering him ineligible for asylum or withholding of removal. See 8 U.S.C. §§ 1158(b)(2)(A), 1231(b)(3)(B)(ii).
“[T]he BIA abuses its discretion when it fails to provide a reasoned explanation for its actions[,]” Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005), or when “it fails to ‘indicate how it weighed the factors involved and how it arrived at its conclusion[.]’ ” Alphonsus v. Holder, 705 F.3d 1031, 1044 (9th Cir.2013) (citations omitted).
Madrid testified that he scalded the dog in the bath, causing its skin to peel off— but that he did not kill the dog. Rather, the dog’s owner took the dog to the veterinarian and they “g[a]ve him a shot, and put him to sleep[.]” The immigration judge made an explicit, positive credibility determination, which the BIA did not overturn. Madrid is therefore entitled to the presumption of credibility, Yazitchian v. INS, 207 F.3d 1164, 1168 (9th Cir.2000); and we are bound to accept his testimony as true, Cole v. Holder, 659 F.3d 762, 770 (9th Cir.2011).
Notwithstanding Madrid’s “credible” testimony, the BIA found that Madrid was convicted of “ ‘maliciously and intentionally’ torturing, skinning, wounding, mutilating, and killing a dog.” This conclusion is neither consistent with Madrid’s testimony, nor compelled by the record of conviction. California Penal Code § 597(a) provides that “every person who maliciously and intentionally maims, mutilates, tortures, or wounds a living animal, or maliciously and intentionally kills an animal, is guilty of a crime....” As it is written in the disjunctive, a conviction under this *793 provision does not necessarily involve killing a dog.
Moreover, although the indictment was charged in the conjunctive, “[wjhere a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those acts conjunctively charged may establish guilt.” United States v. Bonanno, 852 F.2d 434, 441 (9th Cir.1988). “All that [I] can gather from the charge and the bare record of a plea of guilty, therefore, is that [Madrid] was guilty of’ at least one of the listed acts. Malta-Espinoza v. Gonzales, 478 F.3d 1080, 1082 (9th Cir.2007) (interpreting a conviction where the complaint was charged conjunctively, but the statute was worded in the disjunctive).
The Board failed to explain how it reconciled its particularly serious crime holding with Madrid’s “credible” testimony and the statutory text. A finding that Madrid, in fact, killed the dog may have been critical to the BIA’s holding — particularly because “[c]rimes against persons are more likely to be categorized as ‘particularly serious crimes,’ ” In re Frentescu, 18 I. & N. Dec. 244, 247 (B.I.A.1982), and I know of no other case in which a crime involving harm to an animal has been held to be particularly serious.
As I “cannot discern ... the operative rationale of the particularly serious crime determination[,]” I would remand to the BIA for further explanation as to how it arrived at its conclusion. Alphonsus, 705 F.3d at 1044 (citation omitted).