FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| SOLOMON GHEZEHEY WELDEGEBRIEL, <br><br>        Petitioner, <br><br>  v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>        Respondent. | No. 10-71081 <br><br> Agency No. A089-649-816 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2013[**]
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Solomon Ghezehey Weldegebriel, a citizen of Eritrea, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's denial of his application for asylum and withholding of removal. We deny the petition for review.

Weldegebriel contends that we should review de novo the BIA's determination that Weldegebriel failed to establish that the mistreatment he experienced in Eritrea after his unsuccessful escape from military service was on account of an imputed political opinion. We do not reach this argument because, even reviewing the BIA's determination de novo, we conclude that Weldegebriel failed to establish a well-founded fear of future persecution on account of a political opinion.

To establish eligibility for asylum and withholding of removal, an applicant must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular group, or political opinion. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). "[P]unishment for evasion of military duty generally does not constitute persecution on account of a protected ground." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Weldegebriel's evidence that the Eritrean government required him to sign a statement that he had betrayed his country because he had evaded military service is insufficient to bring his case outside of this general rule.

2

The evidence in the record, whether viewed de novo or for substantial evidence, fails to establish that the mistreatment Weldegebriel suffered in Eritrea was on account of an imputed political opinion or that he has a well-founded fear of future persecution in Eritrea on account of an imputed political opinion. Weldegebriel's petition for review of his application for asylum and withholding of removal is denied.

DENIED.