**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN LEO SANTOS UMALE; et al., | No. 11-74016 |
| Petitioners, | Agency Nos. A078-113-295 |
| | A043-973-548 |
| v. | A078-113-296 |
| | A078-113-297 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

John Leo Santos Umale and his family, natives and citizens of the

Philippines, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We grant the petition for review and remand.

In denying petitioners' asylum and withholding of removal claims, the agency found petitioners failed to establish a nexus to a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand petitioners' asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach petitioners' remaining challenge to the agency's denial of their asylum and withholding of removal claims at this time.

Finally, in denying Umale's CAT claim, the IJ erred in finding the petitioners expressed fear of violence but not fear of torture, where petitioners presented evidence they fear a powerful and corrupt public official will kill them if

they return to the Philippines. *See He v. Ashcroft*, 328 F.3d 593, 600 (9th Cir. 2003) (rejecting agency's finding where it is not supported by the record). Further, the IJ erred in rejecting Umale's CAT claim on the ground that there is no evidence in the country report that the Philippine government condones torture. *See Madrigal*, 716 F.3d at 509-10 ("[A]n applicant for CAT relief need not show that the entire foreign government would consent to or acquiesce in his torture. He need show only that 'a public official' would so acquiesce."). Apart from these findings, it is unclear why the BIA denied Umale's CAT claim. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA must provide a reasoned explanation for its actions). Thus, we remand Umale's CAT claim for further proceedings consistent with this disposition. *See Ventura*, 537 U.S. at 16-18.

**PETITION FOR REVIEW GRANTED; REMANDED.**