**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HARMINDER PAL KAUR, | No. 13-71002 |
| Petitioner, | Agency No. A073-413-899 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2015[**]
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and SMITH,[***] Chief District
Judge.

Harminder Kaur appeals from the Board of Immigration Appeal's order

denying her motion to reopen her immigration proceedings. As the parties are

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William E. Smith, Chief District Judge for the U.S.
District Court the District of Rhode Island, sitting by designation.

familiar with the facts, we do not recount them here. We review the board's decision to deny Kaur's motion to reopen for abuse of discretion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Kaur failed to file her motion to reopen within ninety days of the date the final administrative decision was rendered and, therefore, the motion was time-barred unless it was "based on changed circumstances arising in the country of nationality . . . if such evidence [was] material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The board's conclusion that Kaur did not show that conditions for women in India have materially or qualitatively changed since her 1996 hearing is supported by substantial evidence. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) ("We review the BIA's factual findings regarding changed country conditions for substantial evidence."). First, the board considered Kaur's claim in the context of the social groups that she defined ("Indian women forced to reside with in-laws they are unable to leave" and "Indian women who are viewed as property by virtue of their position within a domestic relationship"). The board discussed its findings

2

regarding "domestic abuse and domestic violence," "crimes against women," as well as "legal and societal discrimination."

Second, there was substantial evidence to support the board's conclusion that although "domestic abuse and domestic violence remain[ed] a serious problem," Kaur had not shown "that similar conditions or circumstances did not exist at the time of her hearing." *See Najmabadi v. Holder*, 597 F.3d 983, 986-87 (9th Cir. 2010) (when evaluating a claim of changed country conditions the board must determine if the new evidence is qualitatively different from evidence available at the previous hearing). A comparison of the 1995 and 2011 U.S. Department of State Country Reports for India shows a continuation of violence against women within the family and larger society. For example, the 1995 report states that "[f]emale bondage and forced prostitution [were] widespread in parts of Indian society" and that "violence against women–including molestation, rape, kidnaping, and wife murder ("dowry deaths")–ha[d] increased over the past decade." The 2011 report contains statistics of crimes against women that "included kidnapping and abduction, molestation, sexual harassment, physical and mental abuse, and trafficking." The 2011 report also states that "domestic abuse *remained* a serious problem."

3

Third, much of the new evidence that Kaur submits is not material to her claim and "simply recounts generalized conditions in [India] that fail to demonstrate that her predicament is appreciably different from the dangers faced by her fellow citizens." *Najmabadi*, 597 F.3d at 990 (internal quotation marks and citation omitted). For example, conditions regarding honor killings, for which the most common justification is that "the victim married against her family's wishes," and violence resulting from dowry disputes are not material to Kaur's claim as she is already long-married. Evidence in the 2011 report of rape being "the fastest growing crime" point to generalized conditions. Lastly, the United Nations report regarding the prevalence of wife beating in India, and statistics from a study of domestic violence in rural Punjab, India, are not material to Kaur's claims because her claims were not based on wife beating. Even if the reports were material, they do not show changed conditions, but rather document the continuation of violence against women generally.

In sum, the board's conclusion that Kaur's motion was barred because she did not show that conditions for women in India have materially or qualitatively changed since her 1996 hearing was supported by substantial evidence and was, therefore, not an abuse of discretion.

**PETITION FOR REVIEW DENIED.**