**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSWALDO CARDONA-SANCHEZ, | No. 18-72505 |
| Petitioner, | Agency No. A089-853-291 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2019[**]
Seattle, Washington

Before: GRABER, BERZON, and HIGGINSON,[***] Circuit Judges.

Petitioner Oswaldo Cardona-Sanchez seeks review of the Board of

Immigration Appeals' (the "Board" or "BIA") final order denying his requests for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Petitioner also challenges the Board's finding that he was not prejudiced as a result of any due process violation during proceedings before the immigration judge ("IJ").  We deny the petition.

1.  As to Petitioner's withholding claim, substantial evidence supports the BIA's determination that Petitioner did not show that the Guatemalan government is unable or unwilling to control those whom Petitioner anticipates will persecute him.  See Truong v. Holder, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam) (explaining criteria and standard of review); Pagayon v. Holder, 675 F.3d 1182, 1190-91 (9th Cir. 2011) (per curiam).  "Even if we might have reached a conclusion different from that reached by the BIA, we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion."  Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir. 2007).

The BIA and IJ considered both the documentary evidence and the specific facts of Petitioner's case when evaluating the Guatemalan government's willingness and ability to control the Sandoval family.  The documentary evidence that Petitioner submitted reports that "rape and other sexual offenses" are serious problems in Guatemala.  Other documentary evidence, however, including a U.S. State Department Report, shows that the Guatemalan government operates programs to "encourage victims and witnesses to report" sex crimes.  See Sowe v.

Mukasey, 538 F.3d 1281, 1285 (9th Cir. 2008) ("U.S. Department of State country reports are the most appropriate and perhaps the best resource for information on political situations in foreign nations." (internal quotation marks omitted)). Reports show that several "complaints of sexual assault or rape against minors" were "successfully prosecuted."

Petitioner's anecdotal evidence shows that police failed to apprehend Reuben Sandoval for kidnaping. But the evidence also reveals that the Guatemalan police "came to look for the young girl." Although Reuben was not apprehended, evidence of "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." Andrade-Garcia v. Lynch, 828 F.3d 829, 836 (9th Cir. 2016) (citing Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014)).

Even assuming that the evidence could support a finding that the Guatemalan government is unwilling or unable to protect *victims* of sexual crimes, there is no evidence that the government is unwilling or unable to protect Petitioner, as the father of a victim of sexual abuse, from the persecution *he* might face. As the BIA recognized, Petitioner failed to tie evidence of the Guatemalan government's alleged laxity toward sex crimes to a laxity toward *all* crimes.

This conclusion forecloses Petitioner's withholding claim.  Nahrvani v.

Gonzales, 399 F.3d 1148, 1154 (9th Cir. 2005).  Thus, we need not reach any other

issues regarding that claim.

2.  We also deny the petition as to Petitioner's claim for CAT relief.  See

Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010) (stating standard of

review and CAT standard).  Substantial evidence supports the Board's finding that

Petitioner has not demonstrated eligibility for CAT relief.  Petitioner's sole

evidence supporting his CAT claim is an indirect threat.  That evidence is

insufficient to show that it is "more likely than not that he . . . would be tortured" if

returned to Guatemala.  8 C.F.R. § 1208.16(c)(2).

Further, for the reasons stated above, any torture Petitioner might suffer if he

returns to Guatemala would not occur with the government's acquiescence.  See

Garcia-Milian, 755 F.3d at 1034 ("[E]vidence that a government has been

generally ineffective in preventing or investigating criminal activities [does not]

raise an inference that public officials are likely to acquiesce in torture, absent

evidence of corruption or other inability or unwillingness to oppose criminal

organizations.").

Petitioner contends that the Board's cursory analysis of that issue "violates

due process."  That contention is unfounded because the Board explicitly adopted

4

the IJ's decision and cited the IJ's more detailed factual findings and reasoning when analyzing Petitioner's CAT claim. Read together, the BIA's and IJ's decisions "provide a reasoned explanation for [their] actions." Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005).

3. Finally, Petitioner's due process rights were not violated when he was prohibited from calling his sister as a witness. See Mendez-Garcia v. Lynch, 840 F.3d 655, 665 (9th Cir. 2016) (stating standard of review for procedural due process claims in immigration proceedings). Petitioner did not identify his sister as a potential witness until the day of the immigration hearing. Although the IJ prohibited the testimony, the IJ allowed Petitioner's counsel to proffer the testimony that the sister would have given. The IJ then accepted this testimony as true. Petitioner has therefore failed to demonstrate that he was prejudiced by the IJ's refusal to allow his sister to testify.

**PETITION DENIED**.