**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE OSCAR CRUZ-GUIDOS, | No. 18-72007 |
| Petitioner, | Agency No. A200-572-389 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020**

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Jose Oscar Cruz-Guidos, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

as well as the BIA's order denying his motion to reopen or remand removal

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We review for abuse of discretion the BIA's denial of a motion to reopen and remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010); *Lin*, 377 F.3d at 1023-24. We deny the petition for review.

The BIA did not abuse its discretion in denying Cruz-Guidos's motion to reopen and remand where he failed to show prior counsel's alleged ineffective assistance prevented him from reasonably presenting his case. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (to prevail on an ineffective assistance of counsel claim, petitioner must show he was prevented from reasonably presenting his case because counsel failed to perform with sufficient competence).

Substantial evidence supports the agency's adverse credibility determination where Cruz-Guidos provided inconsistent testimony as to when he was last threatened in El Salvador, and where he testified about a beating and threats that were not included in his asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see*

*also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (distinguishing the omission of trivial events from pivotal events which are crucial to claim). Cruz-Guidos's explanations do not compel a contrary conclusion. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (the agency reasonably rejects an alien's explanation where it provides a "specific and cogent reason" for doing so); *Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014) (adverse credibility finding is supported when despite being given the opportunity, an applicant fails to clarify or explain inconsistent statements).

Because Cruz-Guidos failed to provide credible testimony or sufficient supporting evidence, substantial evidence supports the agency's denial of asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because it was based on the same testimony the agency found not credible, and Cruz-Guidos points to no other evidence in the record that compels the conclusion that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**