NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIN DU,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 18-73479<br><br>Agency No. A206-856-075<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Petitioner Min Du seeks review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his

motion to reconsider his asylum and withholding of removal claims. We have

jurisdiction to review denials of motions to reconsider under 8 U.S.C. § 1252.

*Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). We deny the petition for

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

review in part and grant it in part.

1.      Despite Petitioner's argument that the BIA failed to apply the asylum standard in its fear of future persecution analysis, the BIA expressly held that the IJ properly found the Petitioner had not established a well-founded fear of future persecution, which is the asylum standard. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (outlining the two standards). This precluded the necessity for the BIA to also address the higher withholding of removal standard. *Id.* ("Because [petitioner] has not established eligibility for asylum, it necessarily follows that he has not established eligibility for withholding."). Petitioner's arguments challenging the strength of some of the evidence relied upon by the BIA are insufficient to show the BIA applied the wrong standard.

2.      However, the BIA abused its discretion in failing to adequately consider the evidence allegedly tying the Petitioner's church and version of the Bible to the Shouters, a group discriminated against in China. "The abuse of discretion standard requires that the BIA take into account *all relevant factors* without acting in an arbitrary, illegal, or irrational fashion." *Casem v. INS*, 8 F.3d 700, 702 (9th Cir. 1993). Failure "to provide a reasoned explanation for its actions" is also an abuse of discretion. *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

Here, the BIA did not address Petitioner's argument that the IJ erroneously found the Church in Torrance, where Petitioner was a member, was not associated with the Shouters based on the testimony of a witness who attends the church and does not self-identify as a Shouter. However, that same witness also testified that outsiders would characterize members of the church as Shouters. In addition, the record includes considerable evidence establishing that the church is part of the Local Church movement, whose members are called Shouters in China where they are discriminated against based on perceptions of belonging to a cult. Similarly, the BIA failed to adequately address relevant evidence—including media reports and a religious freedom report—showing that the Recovery Version of the Bible possessed by the Petitioner is unique to the Shouters and considered cult material in China. The BIA abused its discretion by either failing to consider this evidence, arbitrarily and irrationally considering this evidence, or failing to reasonably explain why it did not credit this evidence. *See Mejia v. Ashcroft*, 298 F.3d 873, 879–80 (9th Cir. 2002).

While not expressly addressing Petitioner's arguments about his ties to the Shouters, the BIA held that the Petitioner failed to establish any error in the IJ's decision that would alter the result of the case. The BIA then proceeded to highlight an alleged insufficiency of evidence that the Chinese government would harm the Petitioner after he returned to China. But any insufficiency of other

3

evidence is not a reasonable basis to avoid addressing Petitioner's significant evidence allegedly tying his church and Bible to a group discriminated against in China. *Tadevosyan*, 743 F.3d at 1252–53.

On remand, the BIA is directed to consider the Petitioner's evidence allegedly tying his church and Bible to the Shouters and whether that evidence alters the fear of future persecution analysis.

**PETITION DENIED IN PART AND GRANTED IN PART.**