NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREYSER ARADEYLIN CORNEJO-CORNEJO,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-70400<br><br>Agency No. A215-885-921<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Freyser Aradeylin Cornejo-Cornejo, a native and citizen of Nicaragua,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying her motion to remand and dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We grant the petition for review and we remand.

We do not consider the materials Cornejo-Cornejo submitted with her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The BIA abused its discretion by failing to meaningfully consider the new evidence Cornejo-Cornejo submitted with her motion to remand, including a letter stating that she is on the Nicaraguan government's list of individuals to be arrested, detained, or tortured due to her political opinion, which is qualitatively different than the evidence presented before the IJ. *See Agonafer v. Sessions*, 859 F.3d 1198, 1206-07 (9th Cir. 2017) (holding the BIA abused its discretion in denying petitioner's motion to reopen because it "clearly disregarded or failed to give credit to" the new evidence submitted by the petitioner, which was qualitatively different from that presented to the IJ); *see also Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) (BIA "must accept as true the facts asserted by the [movant], unless they are inherently unbelievable" in the analysis of a motion to reopen (internal citation and quotation marks omitted)). Thus, we grant the petition for review and

20-70400

remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Cornejo-Cornejo's removal is stayed pending a decision by the BIA.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED**.