**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARSIMRAN SINGH, | No. 22-567 |
| Petitioner, | Agency No. A078-974-211 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026**
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Harsimran Singh, a native and citizen of India, seeks review of the

Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal

proceeding to seek relief under the Violence Against Women Act ("VAWA"). The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA denied the motion as untimely, determining that Singh had not demonstrated "extraordinary circumstances or extreme hardship" to his children to allow waiver of the time limitation under 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). We have jurisdiction over that determination under 8 U.S.C. § 1252(a)(2)(D) and review it under the "deferential standard of review" of abuse of discretion. *Magana-Magana v. Bondi*, 129 F.4th 557, 572–73 (9th Cir. 2025) (citing *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024)); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We review the BIA's denial of a motion to reopen and remand for abuse of discretion."). We deny the petition.

The BIA did not abuse its discretion when it determined that Singh had not demonstrated "extraordinary circumstances or extreme hardship to the alien's child." 8 U.S.C. § 1229a(c)(7)(C). Specifically, Singh has not shown that the BIA abused its discretion in determining that he had not demonstrated extreme hardship to his children.[1] His contentions of error are aimed at the applicable standards for the underlying relief, not the extreme hardship standard for a waiver of the time limitation for a motion to reopen under § 1229a(c)(7)(C)(iv)(III). Moreover, contrary to Singh's assertion, the BIA expressly considered the photographic

---

[1] Singh does not challenge the BIA's conclusion that he did not show extraordinary circumstances. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (holding that we "generally will not take up arguments not raised in [a petitioner's] opening brief").

evidence of his child's injury. The BIA reasonably determined that Singh's affidavit lacked sufficient and coherent details to establish the children's circumstances or his role in protecting them. While acknowledging that his claims were "extremely troubling," the BIA did not abuse its discretion in determining that Singh had not "presented specific, objective evidence to meet his burden" to establish extreme hardship under 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal is lifted forthwith.